UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PHILIP PAPE                                 JURY TRIAL DEMANDED

v.                                           CASE NO.  3:14CV

LEON P. CAMERON
LAW OFFICES OF FRANK N. PELUSO, P.C.

## **COMPLAINT**

    1.  Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") for defendants' prohibited debt collection activity. Specifically, Defendants unlawfully claimed entitlement to and sought recovery of attorney's fees that were not allowed by law or contract. §1692f(1).

    2.  The Court has jurisdiction. 15 U.S.C. § 1692k.

    3.  Plaintiff is a citizen of Connecticut.

    4.  Defendants practice law in Connecticut

    5.  Defendants pursued a state court collection action against Mr. Pape in Hartford Superior Court.

    6.  The collection action arose out of a home improvement contract entered into in Connecticut to perform repairs on plaintiff's residence.

    7.  On July 3, 2014, defendants filed a document entitled "Affidavit of Attorney's fees by Leon P. Cameron, Esq." (Affidavit).

    8.  That Affidavit sought 15% attorney's fees based on the contingency fee with the debt buyer plaintiff in the state court, and based on the terms of an appended promissory note.

    9.  That Affidavit was devoid of any timesheets which would have substantiated the amount of the fees, as mandated by state law. E.g. <u>Smith v. Snyder,</u> 267 Conn. 456, 479, 839 A.2d 589, 604 (2004).

10. Defendants were aware that timesheets were needed to substantiate any fee application. Amos Financial, LLC. v. Patel, NNH-cv-11-6020175-S (July 17, 2014).

11.  The private contingency fee agreement between defendants was drafted by Leon Cameron.

12. The contingency fee agreement allowed a deduction of 15% from the net proceeds of any amount collected.

13. The contingency fee agreement did not allow for the addition of 15% to any judgment by way of attorney's fees.

14. The terms of the promissory note appended to the Affidavit regarding attorney's fees were: "If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees."

15.  The Note Holder had not paid defendants any attorney's fees.

16.  The Note Holder was not obligated to pay defendants any attorney's fees. Seeger v. AFNI, Inc., 548 F.3d 1107, 1113 (7th Cir. 2008) (a collection fee which is never paid is not a cost that [creditor] would incur).

17.  Defendants had no documentation or ability to prove that the Note Holder complied with the condition precedent for imposing fees, by having required Mr. Pape to pay immediately "as described above" which required a written 60 day notice. McCollough v. Johnson, Rodenburg & Lauinger, LLC,  637 F.3d 939, 950 (9th Cir. 2011).

18. As set forth above, there was no contract or statute allowing attorney's fees in the state court action. Had there been such a contract, defendants violated the FDCPA by seeking percentage-based fees. Bradley v. Franklin Collection Service, Inc.,  739 F.3d 606, 609 (11th Cir.

2014); Kojetin v. C U Recovery, Inc., 212 F.3d 1318 (8th Cir. 2000).

19.  No fees were due at the time of the July 3, 2014,  Fee Affidavit because no judgment had entered.

20.  No fees became due, because no judgment was entered; defendants withdrew the state court collection case on July 30, 2014.

21. The FDCPA applies to litigation activities. Heintz v. Jenkins, 514 U.S. 291, 295 (1995).

## Claims for Relief

As a result of the foregoing acts or omissions of defendants in the collection efforts, defendants violated the FDCPA by making false or misleading representations in violation of § 1692e (2), or by attempting to collect amounts that were not authorized by contract or law in violation of  § 1692f(1).

WHEREFORE plaintiff respectfully requests this Court to:

1.  Award plaintiff $1,000 statutory damages  under the FDCPA against each of the defendants.

2.  Award plaintiff such damages as are permitted by law.

3.   Award attorney's fees and costs.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net
